UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DESHAWN MILES,

                    Plaintiff

-vs-

JAMES DIEHL, PETER KINGSBURY, PARTY
THAT HIT THE VAN and THEIR INSURANCE
COMPANY,

                    Defendants
_____

DECISION AND ORDER

10-CV-6598 CJS

Deshawn Miles ("Plaintiff") is an inmate currently in the custody of the Federal Bureau of Prisons who commenced this action proceeding *pro se*. Now before the Court is a summary judgment motion (Docket No. [#12]) by defendants James Diehl ("Diehl") and Peter Kingsbury ("Kingsbury"). The application is granted and this action is dismissed.

BACKGROUND

Unless otherwise noted the following are the facts of the case viewed in the light most-favorable to Plaintiff, the non-moving party. This action arose when Plaintiff was previously confined in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). At all relevant times Diehl and Kingsbury were employed by DOCCS as corrections officers at Attica Correctional Facility ("Attica"). On September 14, 2010, Diehl and Kingsbury were transporting Plaintiff from Attica to Sing Sing Correctional Facility ("Sing Sing") in a prison passenger van. During the trip, the van was struck from behind by another vehicle,

causing minimal damage to the van. However, Plaintiff maintains that he sustained an injury to his lower back during the collision.

Shortly thereafter, on October 22, 2010, Plaintiff commenced this action. The Complaint [#1] purports to assert state-law negligence claims against Diehl, Kingsbury, the driver of the second vehicle, and the driver's insurance company. The Complaint also purports to state an Eighth Amendment "deliberate indifference" claim against Diehl and Kingsbury pursuant to 42 U.S.C. § 1983 in connection with the accident. Along with the Complaint, Plaintiff filed an application to proceed *in forma pauperis*. The Court granted the application to proceed *in forma pauperis* and reviewed the Complaint pursuant to 28 U.S.C. § § 1915(e)(2) and 1915A(a). Liberally construing the *pro se* pleading, the Court determined that the Complaint stated an Eighth Amendment claim against Diehl and Kingsbury, since Plaintiff alleged in the pleading that he was handcuffed and not wearing a seatbelt at the time of the accident. See, Complaint [#1] at p. 6 ("I didn't have any seatbelts on."). The Court interpreted that statement to possibly mean that Diehl and Kingsbury were responsible for Plaintiff being unrestrained during the accident, in disregard to his safety. *See*, Decision and Order [#3] ("Plaintiff's allegations . . . that he was cuffed and shackled and not wearing a seatbelt at the time of the accident are sufficient to allow his Eighth Amendment claim of deliberate indifference against the transporting officers to proceed. These facts allege more than mere negligence or an ordinary lack of due care. *See, Graham v. Poole*, 476 F.Supp.2d at 259-60."). The Court also permitted supplemental state-law negligence claims to go forward against Diehl, Kingsbury, the driver of the second vehicle and the driver's insurance company. However, the driver and the insurance company have never been

2

served in this action.

On May 17, 2012, Diehl and Kingsbury filed the subject motion [#12] for summary judgment in lieu of answering the Complaint.[1] In support of the motion, Diehl and Kingsbury submitted affidavits in which they maintain, *inter alia*, that they were not deliberately indifferent to Plaintiff's safety by failing to restrain him during the ride. Specifically, they indicate that when they placed Plaintiff in the van, they secured him with a seatbelt. *See*, Kingsbury Aff. [#12-4] at ¶ 9. They further contend that Plaintiff was able to remove the seatbelt, which he apparently did, despite being handcuffed, though such fact would not have been evident to them, since Plaintiff was sitting behind them and behind the security screen.[2] Defendants indicate that Plaintiff never told them that he was unbuckled, and that they were unaware that he was unbuckled until after the accident.

Plaintiff responded by requesting an enlargement of time to file responsive papers, which the Court granted. On November 8, 2012, Plaintiff filed his opposition papers [#16],[3] which consist primarily of eighty-one pages of medical records, purporting to show that Plaintiff had a painful lower back condition following the

---

[1] Defendant provided Plaintiff with the "*Irby*" Notice to *Pro Se* Litigants as required by Local Rule of Civil Procedure 56.2. (Docket No. [#12-2] ).

[2] Defendants' motion also argues that they are entitled to summary judgment on a supposed "denial of medical treatment" claim against them. However, Defendants have misunderstood the Court's prior Decision and Order [#3]. In that Decision and Order, the Court observed that Plaintiff appeared to be attempting to assert a denial of medical treatment claim against medical staff at Attica, not against Diehl or Kingsbury. However, the Court indicated that such claim was deficient as pleaded, and that Plaintiff would need to amend his complaint in order to assert such a claim. Plaintiff never did, and consequently there is no claim in this action for denial of medical treatment. Accordingly, Defendants' argument on that point was unnecessary.

[3] Plaintiff's response was incorrectly designated as a "motion for miscellaneous relief" on the docket sheet.

3

accident. Nowhere, though, does Plaintiff challenge Defendants' contention regarding the circumstances under which Plaintiff came to be unrestrained during the accident.

DISCUSSION

Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See, Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "[T]he movant must make a prima facie showing that the standard for obtaining summary judgment has been satisfied." 11 MOORE'S FEDERAL PRACTICE, § 56.11[1][a] (Matthew Bender 3d ed.).

The underlying facts contained in affidavits, attached exhibits, and depositions, must be viewed in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Summary judgment is appropriate only where, "after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir.1993). Moreover, since Plaintiff is proceeding *pro se*, the Court is required to construe his submissions liberally, "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

Although Plaintiff has not raised the issue, the Court is mindful that no discovery has yet taken place in this action, since "[o]nly in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." *Young v. Benjamin Development Inc.*, 395

4

Fed.Appx. 721, 722-723, 2010 WL 3860498 at *1 (2d Cir. Oct. 5, 2010) (citation omitted). However, summary judgment may be considered in this action since discovery would have no bearing on the crucial issue of whether Defendants were deliberately indifferent to Plaintiff's safety by intentionally placing him the van unrestrained. That is, sworn statements on that point from the only persons with knowledge are already before the Court, and Plaintiff has not contested Defendants' version of events. The only reason the Court permitted the Eighth Amendment claim to go forward initially was because it appeared possible that Diehl and Kingsbury had placed Plaintiff in the van unrestrained, under circumstances in which he could not attend to his own safety. However, it now appears clear that was not the case, and that Plaintiff un-fastened his own seatbelt. In any event, it is undisputed that Defendants were not aware that Plaintiff was not wearing his seatbelt prior to the accident. On such facts, Diehl and Kingsbury are entitled to summary judgment on the Eighth Amendment "deliberate indifference" claim. *See, Nunez v. Goord*, 172 F.Supp.2d 417, 430 (S.D.N.Y. 2001) ("Deliberate indifference exists where the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of fact from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.") (citation and internal quotation marks omitted).

Having made that determination, the Court declines to exercise supplemental jurisdiction over the remaining supplemental state-law claims, pursuant to 28 U.S.C. § 1367(c).

CONCLUSION

Defendants' motion for summary judgment is granted as to the Eighth Amendment claims against Diehl and Kingsbury, and this action is dismissed. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure. The Clerk of the Court is directed to terminate this action.

SO ORDERED.

Dated: Rochester, New York
May 28, 2013

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge